# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS D. WOODSON, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 17-466-RAW-SPS |
| JOE ALLBAUGH, et al., | ) |
| Defendants, | ) |

## OPINION AND ORDER
## DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff Marcus D. Woodson, a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility ("DCF"), a private prison in Holdenville, Oklahoma (Dkt. 1). The defendants are DOC Director Joe Allbaugh; Core Civic, Inc., aka CCA; Mark Knutson, DOC Director of Administrative Review; Buddy Honaker, DOC Chief Medical Officer; Jamie Lysinger, RN; Rhonda Shivey, LPN; Serena Brewer, Medical Practitioner; Mark Gentry, Assistant Warden; Julia Dorman, Chief of Unit Management; John Doe, Chief of Security; DCF Assistant Warden Perez; Oklahoma Board of Corrections; DCF Warden James Yates; Jamie Morales, Mailroom Tech; and Ray Larimer.

Plaintiff also has filed a motion for leave to proceed *in forma pauperis* and supporting documentation in conformance with 28 U.S.C. § 1915(a) (Dkt. 2). A review of Plaintiff's litigation history, however, indicates he has accumulated at least three prior civil rights

dismissals that count as "prior occasions" or "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The strikes were assessed in the following cases:

(1) ***Woodson v. Casasanta***, No. 96-CV-049 (N.D. Tex. Nov. 19, 1998) (dismissed as frivolous and for failure to state a claim on which relief may be granted).

(2) ***Woodson v. McLeod***, No. 96-CV-098 (N.D. Tex. Dec. 8, 1998) (dismissed as frivolous).

(3) ***Woodson v. Garfield County Sheriff***, No. CIV-05-778-T, 2015 WL 2035039 (W.D. Okla. Aug. 23, 2005) (dismissed for failure to state a claim on which relief may be granted).

(4) ***Woodson v. Garfield County Sheriff's Dep't***, No. CIV-05-1204-T (W.D. Okla. Dec. 28, 2006) (dismissed without prejudice for failure to exhaust administrative remedies with assessment of "strike").

Plaintiff alleges the conditions of his confinement are unconstitutional, and he specifically alleges in his complaint and *ifp* motion that he is in imminent danger of serious physical injury as stated below:

> Plaintiff labeled a snitch and rat in front of maximum general prison population, and gang members, and has been targeted by gangs for [illegible] attacks. Denial of adequate medical care for broken collar bone and chronic back injury and deteriorating spinal condition. Exposure to unsanitary conditions and increased risk of violence due to prison overcrowding.

(Dkt. 1 at 12).

In *Davis v. GEO Group. Corr., Inc.*, 696 F. App'x 851, 854 (10th Cir. 2017), the plaintiff alleged he had been denied adequate medical care by qualified medical providers for his severe back pain and for a plantar wart, and he had been denied footwear with adequate arch support. He claimed he had suffered more than 25 years from the back pain which significantly affected his daily activities, and the pain was exacerbated by his not having proper foot support. He had been treated at his facility with injections of prednisone, but his requests to see an outside specialist and for orthopedic shoes were denied, and the arch support insoles he was provided did not fit his shoes. He contended that without proper medical treatment, his suffering would continue and his condition would deteriorate. *Id.*

The district court denied Mr. Davis's application to proceed *in forma pauperis* pursuant to the "three-strike" rule of 28 U.S.C. § 1915(g). The Court reasoned that, according to his own documents, Davis could purchase athletic shoes from the canteen as directed by his podiatrist. He also had received silver nitrate to remove the plantar wart, and the medical personnel had responded to and treated his medical needs. Davis failed to pay the full filing fee as directed, and his case was dismissed. *Id.* at 852-53.

Davis subsequently filed a motion to reopen the case and to proceed *in forma pauperis*, arguing he was able to meet the imminent danger exception. He claimed a new facility physician had diagnosed him with lumbar and cervical degenerative disk disease with probable spinal stenosis and radiculopathy. The new doctor also prescribed him a phychotropic drug. The Medical Supervisor, however, told the new doctor not to refer Davis

to a specialist, and Davis still had his wart. The district court denied Davis's motion, finding these conditions did not rise to the level of serious physical injury contemplated in § 1915(g). *Id*. at 853.

On appeal, the Tenth Circuit Court of Appeals explained the requirements of showing imminent danger of physical harm under § 1915(g):

> To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks omitted). The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *Id.* at 1180 (internal quotation marks omitted). "Vague and utterly conclusory assertions are insufficient." *Id*. (internal quotation marks omitted). And "allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 793 (10th Cir. 2012) (unpublished) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)); *see also Hafed*, 635 F.3d at 1179 (stating that "a prisoner must have alleged an imminent danger at the time he filed his complaint"); *id*. at 1180 ("An appellant should make his allegations of imminent danger in his motion for leave to proceed ifp.").

*Davis*, 696 F. App'x at 854.

Plaintiff Woodson alleges in his complaint that C/O Ernest, who is not a defendant, retaliated against him by calling him a snitch in front of gang-affiliated prisoners. The other inmates also allegedly were told that because of Plaintiff's filing paperwork against staff, the inmates' mail no longer would be picked up at the facility. Plaintiff claims that as a result, the other inmates threatened him with violence and future attacks. Plaintiff's complaints

4

about this situation to Unit Manager Tiffany Ade and Case Manager Sean Morgan, neither of whom is a defendant, allegedly were disregarded. (Dkt. 1 at 8).

Plaintiff also asserts he has "disks out of place," a broken collarbone, and torn ligaments and tendons in his right knee. He asserts the medical staff at his facility are not qualified to evaluate and diagnose his medical problems. He specifically asserts the warden, Health Services Administrator, and Nurse Practitioner Rhonda Shivey "all had knowledge of Plaintiff's prolonged, manifest, agonizing back pain and denied [him] treatment and access to a doctor or outside care and forced [him] to endure grueling back pain and failed to refer [him] to a specialist and told [him] that they only allow conservate [sic] care and so done [sic] to cause severe harm to the Plaintiff, that is ongoing and Plaintiff is in imminent danger of serious physical harm since Feb. 8, 2017, and denied treatment." He further alleges the defendants have not properly examined him, because they do not want to remove his hand restraints, and a previous doctor's orders not to cuff Plaintiff in back has not been honored. (Dkt. 1 at 8-9).

The Court has carefully reviewed the record and construes Plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Regarding Plaintiff's claim that he is in imminent danger of serious physical injury because an officer called him a snitch in front of other inmates, the Court finds Plaintiff has failed to provide specific facts concerning this claim. Instead, he makes a general statement that he has received threats from the inmates, and there has been increased violence at his facility because of overcrowding. Plaintiff also

5

has not made any specific reference as to any defendants who were involved in this particular matter. *See Hafed*, 635 F.3d at 1180. The Court, therefore, finds these allegations are vague, conclusory, and insufficient to meet the standard of 28 U.S.C. § 1915(g). *See id*.

Regarding Plaintiff's complaint that the prison is unsanitary because the toilets only flush twice every 30 minutes, he has not alleged "at least the general nature of the serious physical injury he asserts is imminent." *Id.* at 1179. In addition, he again has not specifically named the defendant(s) who are responsible for these conditions of confinement. *Id*. at 1180.

As for Plaintiff's allegations that he is being denied proper medical care, the Court finds he has failed to specify "even the general nature of the 'serious physical injury' he asserts is imminent." *White v. State of Colo.*, 157 F.3d 1226, 1232 (10th Cir. 1998), *cert. denied*, 526 U.S. (1999). Instead, Plaintiff has made only generalized allegations that the warden, Health Services Administrator, and Nurse Practitioner Rhonda Shivey knew of his back pain, offered only conservative measures of treatment, and failed to refer him to a specialist. Plaintiff has provided no information about when these encounters with specific medical staff and the warden occurred, what treatment actually was offered or provided, or what type of specialist Plaintiff wants to see. Plaintiff also has not given specific information about the circumstances concerning the alleged medical restriction on cuffing him behind his back, and he has failed to allege which medical provider refused to comply with the restriction.

For these reason discussed above, the Court finds Plaintiff has not made the required

showing that he is under imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).

**ACCORDINGLY,** Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is DENIED, and he is required to pay the full filing and administrative fees before this action may proceed. Plaintiff is directed to forward the **$350.00** filing fee and the **$50.00** administrative fee, pursuant to 28 U.S.C. § 1914 and the District Court Fee Schedule, to the Court Clerk within twenty (20) days. The agency having custody of Plaintiff is ordered to release funds from his accounts, including Plaintiff's trust account, for payment of the filing and administrative fees. Failure to pay the fees as directed will result in dismissal of this action without further notice. The Court Clerk is directed to mail a copy of this Opinion and Order to the trust fund officer at Plaintiff's facility.

**IT IS SO ORDERED** this 20th day of July 2018.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma